WESTERN ELATERITE ROOFING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33931. Promulgated March 31, 1930.

*Gail L. Ireland, Esq.,* for the petitioner.

*J. Arthur Adams, Esq.,* and *Geo. E. Adams, Esq.,* for the respondent.

468

469

OPINION.

LOVE: The only issue in this proceeding is whether the respondent erred in refusing to allow as deductions from gross income the donations (excepting the Knot Hole Club) made by the petitioner during the years 1923 to 1925, inclusive, which we have set out in our findings. At the hearing petitioner withdrew its contention relative to the three donations to the Denver Community Chest totaling $600.

As a general proposition corporations are not entitled to deduct donations as such. *Consolidated Gas, Electric Light & Power Co.* v. *United States*, 65 Ct. Cls. 252; 6 Am. Fed. Tax Rep. 7423 (certiorari denied October 15, 1928); *Alfred J. Sweet, Inc.*, v. *United States*, 66 Ct. Cls. 654; *Niles Bement Pond Co.* v. *United States*, 67 Ct. Cls. 693; 280 U. S. 543, and *J. A. Majors Co.*, 5 B. T. A. 260. For a brief review of the legislative history relating to this subject, see *American Rolling Mill Co.*, 14 B. T. A. 529. It is only when the so-called donation is in fact an "ordinary and necessary expense"

of doing business that authority is found for allowing it as a deduc-
tion from gross income. See section 234 (a) (1) of the Revenue
Acts of 1921 and 1924. To come within the term " ordinary and
necessary expense " the so-called donation must represent " a con-
sideration for a benefit flowing *directly* to the corporation as an
incident to its business." *Poinsett Mills*, 1 B. T. A. 6. To the same
effect see *Thomas Shoe Co.*, 1 B. T. A. 124; *E. M. Holt Plaid Mills*,
9 B. T. A. 1360; *Ranier Grand Co.*, 11 B. T. A. 520; and *Hotel
Patten Co. et al.*, 13 B. T. A. 943. In *Thomas Shoe Co., supra*,
we said:

To be deductible as a business expense a contribution, charitable or other-
wise, must have in a direct sense some reasonable relation to the taxpayer's
business.

Where the benefit sought to be derived by the contribution in ques-
tion is indirect or remote the amount expended is not deductible as an
ordinary and necessary business expense. *J. A. Majors Co., supra;
American Rolling Mill Co., supra.* In the latter case we also said,
" The deductibility of contributions depends largely on the facts of
each particular case."

Applying what we have said above to the facts in the instant case,
the evidence shows that the amounts paid to the Craig Colony,
Presbyterian Hospital, Denver Press Club and the Colored Y. M.
C. A. had " in a direct sense some reasonable relation to the tax-
payer's business " and should, therefore, be allowed as deductions
from gross income as ordinary and necessary business expenses.

The evidence with respect to the amounts paid the Ascension
Memorial Church, Iliff School of Theology, Y. M. C. A., Merchants
Festival Association and the University of Denver does not show
such a relation or that the benefit sought to be derived was anything
more than indirect or remote. The respondent's determination, as
to these items, is sustained.

The respondent in his answer denies that he disallowed the
amount of $45 paid to the Knot Hole Club in 1924. The evidence
does not show that he committed any error as to this item.

The petitioner offered no evidence relative to the circumstances
surrounding the payments in 1923 of $25 and $50, respectively, to
the National Guardsman and State Hospital Fund. The re-
spondent's determination, as to these items, is sustained.

The deficiency for each of the years 1923, 1924, and 1925 should
be recomputed on the basis of a further allowance for ordinary and
necessary expenses in each year as follows:

| | 1923 | 1924 | 1925 |
|---|---|---|---|
| Craig Colony | $15 | | |
| Presbyterian Hospital | 50 | | |
| Denver Press Club | | $250 | $100 |
| Colored Y. M. C. A | | 50 | |
| Total additional allowances | 65 | 300 | 100 |

*Judgment will be entered under Rule 50.*